UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTIS WARREN WIXX,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. 2:15-cv-01602-RSL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 20, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge.[1] The undersigned recommends the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 17, 2011, plaintiff applied for disability insurance benefits, alleging he became disabled beginning July 19, 2010, due to a thoracic outlet syndrome, a left shoulder rotator cuff tear, wrist and finger numbness, hearing loss, burst eye blood vessels in the left eye, headaches, and throat, neck, and upper back problems.[2] His application was denied on initial administrative review and on reconsideration.[3] At a hearing held before an Administrative Law Judge (ALJ),

---

[1] *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

[2] Dkt. 14, Administrative Record (AR), 86, 632.

[3] AR 632.

REPORT AND RECOMMENDATION - 1

plaintiff appeared and testified, as did a vocational expert.[4]

In a written decision dated July 25, 2012, the ALJ determined that plaintiff could perform both his past relevant work and other jobs existing in significant numbers in the national economy, and therefore that he was not disabled.[5] That decision was reversed by this Court, which remanded this matter for further administrative proceedings.[6] A second hearing was held on remand before the same ALJ, at which plaintiff and the same vocational expert appeared and testified.[7]

In a written decision dated July 24, 2015, the ALJ again determined plaintiff to be not disabled, finding he could perform other jobs existing in significant numbers in the national economy.[8] It does not appear that the Appeals Council assumed jurisdiction of this case, thus making the ALJ's decision the final decision of the Commissioner.[9] On October 19, 2015, plaintiff appealed that decision to this Court.[10] The parties have completed their briefing, and this matter is now ripe for the Court's review.

Plaintiff argues the ALJ's decision should be reversed and remanded for an award of benefits because the ALJ erred:

  (1) in evaluating the opinion evidence from Erik Suh, M.D., Kaj Johansen, M.D., Sang Suh, M.D., Elizabeth Spencer-Steffa, OTR/L, CHT, John Berg, M.Ed., and Michelle Blumenzweig, MSW, LICSW;

  (2) in discounting plaintiff's credibility;

---

[4] AR 46-84.
[5] AR 23-40.
[6] AR 768-82.
[7] AR 658-727.
[8] AR 632-49.
[9] 20 C.F.R. § 404.984.
[10] Dkt. 3.

REPORT AND RECOMMENDATION - 2

(3) in rejecting the testimony of plaintiff's wife; and

(4) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

The undersigned agrees the ALJ erred in evaluating the opinion evidence from Dr. Erik Suh and Dr. Johansen, and thus in finding plaintiff could perform other jobs. However, while the decision to deny benefits should be reversed on this basis, the undersigned recommends that this matter be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[11] "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[12] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[13] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[14]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[15] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[16] "Where there is conflicting evidence sufficient to

---

[11] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

[12] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

[13] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[14] *Batson*, 359 F.3d at 1193.

[15] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[16] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 3

support either outcome," the Court "must affirm the decision actually made."[17]

I.     The Opinion Evidence from Dr. Suh and Dr. Johansen

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.[18] Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]."[19] In such situations, "the ALJ's conclusion must be upheld."[20] Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility."[21]

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."[22] The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[23] The ALJ also may draw inferences "logically flowing from the evidence."[24] Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."[25]

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.[26] Even when a treating or examining

---

[17] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[18] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

[19] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

[20] *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

[21] *Id.* at 603.

[22] *Reddick*, 157 F.3d at 725.

[23] *Id.*

[24] *Sample*, 694 F.2d at 642.

[25] *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

[26] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 4

physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."[27] However, the ALJ "need not discuss *all* evidence presented" to him or her.[28] The ALJ must only explain why "significant probative evidence has been rejected."[29]

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.[30] An ALJ need not accept the opinion of a treating physician, though, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."[31] An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."[32] A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."[33]

Dr. Suh, plaintiff's treating physician, opined in November 2011, that plaintiff "is unable to use his hands reliably and consistently at any work tasks," and that he "cannot depend upon a consistent ability to stay focused on his job tasks."[34] The ALJ gave "little weight" to Dr. Suh's opinion because:

> Although treating provider opinions are usually afforded more weight, . . . it is inconsistent with the overall medical evidence, as discussed above. Rather, it

---

[27] *Id.* at 830-31.

[28] *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).

[29] *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

[30] *See Lester*, 81 F.3d at 830.

[31] *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

[32] *Lester*, 81 F.3d at 830-31.

[33] *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

[34] AR 528.

REPORT AND RECOMMENDATION - 5

> appears Dr. Suh apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained in this decision, much of [the] claimant's subjective complaint is not consistent with the objective medical evidence, especially the most recent specialist evaluations. Indeed, even Dr. Suh concluded that the claimant's symptoms were unexplained by objective evidence.[35]

Plaintiff argues the ALJ erred in rejecting Dr. Suh's opinion for these reasons, as the substantial evidence in the record does not support them. Particularly given the ALJ's failure to offer proper reasons for rejecting Dr. Johansen's opinion as discussed below, the undersigned agrees.

First, the ALJ's statement that Dr. Suh's opinion contradicts the overall medical evidence is insufficiently specific.[36] Even though the ALJ spent several of the previous pages of her decision summarizing that evidence, the Court cannot discern which specific portions thereof the ALJ relied on to make her finding. In addition, although Dr. Suh's treatment notes contain a number of unremarkable findings – and that he stated at one point that plaintiff had "a constellation of symptoms" that were "unexplained so far"[37] – those treatment notes also reveal other, abnormal findings such as decreased range of motion and tenderness.[38] And contrary to the ALJ's statement, other medical records, including some of the more recent ones, reveal abnormal findings as well.[39]

Plaintiff also argues, and again the undersigned agrees, that the ALJ erred in rejecting Dr. Johansen's December 2012 opinion that he should have "[n]o prolonged out front or overhead arm positioning bilaterally" or "lifting [of] any weight," and that he was "[u]nable to work."[40]

---

[35] AR 644.

[36] *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

[37] AR 483, 485, 487, 489, 491, 504, 532, 535, 540, 546, 589, 598, 1103, 1118.

[38] AR 480, 483, 487, 489, 491, 495, 497, 504, 532, 535, 540, 542, 589, 1103, 1111, 1123.

[39] AR *340*, 366-67, 425, 428, 460, 552, 1134, 1138, 1142-43, 1152-53.

[40] AR 1033.

REPORT AND RECOMMENDATION - 6

The ALJ rejected this opinion because Dr. Johansen "did not provide a completed evaluation with objective findings consistent with such profound limitations," and that the opinion was inconsistent with "the objective medical record."[41] As discussed above, though, the medical record contains evidence of abnormal objective findings, and those findings Dr. Johansen himself obtained during a physical examination he performed earlier that year reveal significant abnormal findings as well, including an inability to elevate the left arm completely, a significant worsening of neuritic left upper extremity symptoms, "quite significant tenderness," and diminished strength.[42]

## II.     The ALJ's Step Five Determination

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.[43] If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends.[44] If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities."[45] A claimant's residual functional capacity (RFC) is used at step four of the sequential disability evaluation process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work.[46] It is what the claimant "can still do

---

[41] AR 645.
[42] AR 552.
[43] 20 C.F.R. § 416.920.
[44] *Id.*
[45] Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2.
[46] *Id.*

REPORT AND RECOMMENDATION - 7

despite his or her limitations."[47]

A claimant's RFC is the maximum amount of work the claimant can perform based on all of the relevant evidence in the record.[48] However, an inability to work must result from the claimant's "physical or mental impairment(s)."[49] The ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments."[50] In assessing a claimant's RFC, the ALJ also must discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence."[51]

The ALJ found plaintiff had the physical RFC to:

> **perform sedentary work . . . except he can never push or pull with [the] upper left extremity. He can occasionally push and pull with the right upper extremity. He can never climb ladders, ropes, or scaffolds. He can never crawl. He can frequently climb ramps and stairs, and can frequently balance and stoop. He can occasionally kneel and crouch. He can never reach overhead with the non-dominant left upper extremity. He can frequently handle and finger. He can perform work where concentrated exposure to hazards is not present.**[52]

But because as discussed above the ALJ erred in evaluating the opinion evidence from Dr. Suh and Dr. Johansen, it is not at all clear that the ALJ's RFC assessment completely and accurately describes all of plaintiff's physical functional limitations. Thus, it cannot be said that the ALJ's RFC assessment is supported by substantial evidence or free of error.

If a claimant cannot perform his or her past relevant work, at step five of the sequential

---

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at *7.

[52] AR 638-39 (emphasis in original).

REPORT AND RECOMMENDATION - 8

disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant can do.[53] The ALJ can do this through the testimony of a vocational expert.[54] An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert.[55] The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence.[56] The ALJ's description of the claimant's functional limitations thus "must be accurate, detailed, and supported by the medical record."[57]

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff.[58] But because as discussed above it is far from clear that the ALJ's RFC assessment accurately describes all of plaintiff's physical functional limitations, here too it cannot be said that the ALJ's step five determination is supported by substantial evidence or free of error.

III.   This Matter Should be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."[59] Generally, when the Court reverses an ALJ's decision, "the proper course, except in

---

[53] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

[54] *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

[55] *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

[56] *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

[57] *Id.* (citations omitted).

[58] AR 647-48.

[59] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 9

rare circumstances, is to remand to the agency for additional investigation or explanation."[60] It is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."[61]

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."[62] Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[63]

Because issues remain regarding the opinion evidence from Dr. Suh and Dr. Johansen, plaintiff's RFC and his ability to perform his past relevant work, remand for further consideration of those issues is warranted. While the undersigned understands there already have been two hearings in this matter, because the record overall does not yet show his to be disabled from all work, remand for further administrative proceedings rather than an outright award of benefits is more appropriate.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with

---

[60] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).
[61] *Id.*
[62] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).
[63] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

REPORT AND RECOMMENDATION - 10

the findings herein.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto.[64] Failure to file objections will result in a waiver of those objections for purposes of appeal.[65] Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 20, 2016**, as noted in the caption.

DATED this 5th day of May, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[64] 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6.

[65] *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 11